FREDERICKSON *v.* NELSON.

ASSAULT AND BATTERY—INSTRUCTIONS TO JURY.

In an action for assault and battery, where plaintiff's testimony tended to prove that defendant threw her to the ground, and inflicted injuries resulting in a miscarriage, a charge to the jury that plaintiff could not recover unless they should find that the injuries inflicted by defendant resulted in a miscarriage was error.

Error to Kalkaska; Chittenden, J. Submitted November 4, 1903. (Docket No. 82.) Decided December 22, 1903.

Trespass *vi et armis* by Mary Frederickson against Rasmus Nelson. From a judgment for defendant, plaintiff brings error. Reversed.

*Charles A. Withey* (*J. E. Richardson*, of counsel), for appellant.

*Ernest C. Smith*, for appellee.

CARPENTER, J. Plaintiff commenced this suit to recover damages for an assault and battery. Her testimony tended to show that, without provocation, defendant assaulted her, and threw her to the ground, and inflicted injuries which afterwards resulted in a miscarriage. Defendant's testimony tended to prove that plaintiff was the aggressor, and that he did nothing except to repel an assault committed by her. The issue was submitted to a jury, who rendered a verdict for defendant.

Complaint is made of the following portion of the charge of the court:

"Before the plaintiff can recover, you must find the following facts: *First*, that the defendant, Rasmus Nelson, first assaulted the plaintiff, or that he used unreasonable and unnecessary force in repelling an assault made upon him; that, as a result of injuries unlawfully inflicted by the defendant, a miscarriage resulted."

What is the proper construction of this language? If it informed the jury that the plaintiff could not recover unless a miscarriage resulted from her injuries, the instruction was clearly erroneous. While we are bound to assume that the trial judge did not intend to convey that meaning, we are also bound to say that the jury naturally would, and it is to be presumed did, so understand it. Nor can we say that the impression created by this language was removed by other portions of the charge.

The other errors complained of raise no question which can be discussed with profit.

Judgment reversed, and new trial ordered.

MOORE, GRANT, and MONTGOMERY, JJ., concurred. HOOKER, C. J., took no part in the decision.